UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHAYLEE JACKSON,

          Plaintiff,

    v.

STATE OF WASHINGTON

DEPARTMENT OF CHILDREN YOUTH

AND FAMILIES, et al.,

          Defendants.

Case No. 3:26-cv-05084-TMC

ORDER DENYING EMERGENCY
MOTION FOR RETURN OF CHILDREN
AND MOTION FOR TEMPORARY
RESTRAINING ORDER AND
PRELIMINARY INJUNCTION

Plaintiff Shaylee Jackson has filed an emergency motion for the return of her children (Dkt. 2) and a motion for temporary restraining order ("TRO") and preliminary injunction (Dkt. 3). Ms. Jackson argues that Defendants violated Washington state law by removing her children without a court order and without holding a shelter care hearing within 72 hours. Dkt. 2. She asks the Court to order Defendants to return her children and to cease enforcement of ongoing dependency actions. Dkts. 2, 3.

A party seeking a TRO or preliminary injunction must show that (1) she is "likely to succeed on the merits" of her lawsuit; (2) she is "likely to suffer irreparable harm" unless the Court issues a TRO or preliminary injunction; (3) the "balance of equities" favors her; and (4) a

ORDER DENYING EMERGENCY MOTION FOR RETURN OF CHILDREN AND MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 1

TRO or preliminary injunction would be "in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017). A "likelihood of success on the merits" means that the party has shown a "fair chance of success" in the lawsuit. *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1192 (9th Cir. 2024) (quoting *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988)).

Here, Ms. Jackson has not shown that she is likely to succeed on the merits of her claims against Defendants. First, as set forth in *Younger v. Harris*, 401 U.S. 37 (1971), federal courts must typically abstain from exercising jurisdiction to interfere with ongoing state judicial proceedings. "Absent extraordinary circumstances, *Younger* abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (holding that *Younger* abstention applied to case arising from child custody dispute); *see also Erichsen v. County of Orange*, 677 F. App'x 379, 380–81 (9th Cir. 2017) (explaining that *Younger* abstention required denial of TRO seeking to enjoin state dependency proceedings). Ms. Jackson can raise her claims that the removal of her children violated state and federal law in the ongoing dependency proceeding.

Second, Ms. Jackson has not alleged specific facts in her proposed complaint to support her federal constitutional claims. *See* Dkt. 1-1. In other words, because she has not explained in detail how her constitutional rights were violated, or provided evidence to support those allegations, she has not shown that she has a "fair chance of success" on these claims.

For the above reasons, the emergency motion for return of children (Dkt. 2) and motion for TRO and preliminary injunction (Dkt. 3) are DENIED.

ORDER DENYING EMERGENCY MOTION FOR RETURN OF CHILDREN AND MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 2

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 29th day of January, 2026.

Tiffany M. Cartwright
United States District Judge